**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

|  |  |  |
|---|---|---|
| | * | |
| STEPHON W. MAGRUDER, | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | | Case No.: PWG-15-3888 |
| | * | |
| EDUCATIONAL SYSTEMS FEDERAL | | |
| CREDIT UNION | * | |
| | | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stephon Magruder, *pro se*, has brought this claim against Defendant Educational Systems Federal Credit Union ("Educational Credit Union") alleging violations under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Maryland Consumer Protection Act ("MCPA"), Md. Code. Ann., Com. Law § 13-101 *et seq.*, and the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law § 14-201 *et seq.*, with respect to its investigation and reporting of one of his accounts. Magruder has also alleged that Educational Credit Union has defamed him through the reporting of false information relating to this account. Educational Credit Union has filed a motion to dismiss. Def.'s Mot., ECF No. 6.[1] Because

---

[1] Accompanying Defendant's motion to dismiss is a memorandum of law, Def.'s Mem., ECF No. 6-1. I suspended briefing on Educational Credit Union's motion in order to have a conference call with the parties. *See* ECF No. 9. During a January 14, 2016, conference call, I instructed Magruder to "include in his opposition any relevant particulars if he wishes to amended his complaint." *See* ECF No. 11. Magruder instead filed an amended complaint, Am. Compl., ECF No. 12. Following the procedure set forth in the Case Management Order, ECF No. 8, Educational Credit Union requested a conference call seeking to strike Magruder's amended complaint and alternatively, argued that Magruder's amendments failed to cure the defects in its motion to dismiss. *See* Def.'s Letter, ECF No. 13. During a March 24, 2016, conference call, I ordered Magruder "to file a response in opposition to Defendant's motion to

Magruder has pleaded facts showing inconsistent reporting between two credit bureaus, I will deny Educational Credit Union's motion to dismiss with respect to his FCRA claim.  However, because his state statutory claims are preempted by the FCRA, I will grant Defendant's motion to dismiss with respect to his MCPA and MCDCA claims.  Finally, because defamation is not preempted by the FCRA, where, as is the case here, the plaintiff has alleged sufficiently either malice or willfulness, I will deny Educational Credit Union's motion to dismiss with respect to Magruder's defamation claim.

## I.   BACKGROUND

Magruder purportedly alleged four counts in his amended complaint: violations of the FCRA, MCPA, and MCDCA and defamation.[2]   Magruder opened a checking account at Montgomery County Teachers Federal Credit Union ("Teachers Credit Union") in February 2006, Am. Compl. ¶ 4; Educational Credit Union "subsumed" Teachers Credit Union, *id.* ¶ 3. After closing this account, Magruder "obtained his credit report(s) and discovered that [Teachers Credit Union] was reporting a charged off account in the amount of $23.00." *Id.* ¶ 7.  Equifax reported that Magruder had an installment account, and Experian reported that Magruder had a checking account.  *Id.* ¶¶ 7 & 8.  Magruder states that "[b]oth Equifax and Experian issued investigation results that indicated [Educational Credit Union] verified the account as being reported accurately." *Id.* ¶ 9.  Magruder alleges that

---

dismiss and Defendant's letter."  *See* ECF No. 15.  Magruder filed an opposition, Opp'n, ECF No. 16, and Educational Credit Union filed a reply, Reply, ECF No. 17.  The motion to dismiss is ripe for review.  A hearing is unnecessary in this case.  *See* Loc. R. 105.6.

[2]     Magruder did not provide any response—as I ordered, *see* ECF No. 15—to Educational Credit Union's letter arguing that Magruder's amendments were futile and that he should not be permitted to amend his complaint.  Nevertheless, I will accept Magruder's amended complaint and evaluate the merits of Educational Credit Union's motion to dismiss with respect to it. Educational Credit Union had the opportunity to respond to Magruder's amended complaint in its letter requesting a conference call filed on March 10, 2016, and in its reply.

> [Educational Credit Union] was unreasonable for it was reporting the account as an installment account with Equifax and a checking account with Experian. Furthermore, [Educational Credit Union] has access to [Teacher Credit Union's] records which will reveal that Plaintiff did not owe $23.00 on either a checking account or installment account.

*Id.* ¶ 10.   Magruder also states that Educational Credit Union "failed to even note that the account was disputed," and that it was "on notice that the account was disputed."   *Id.* ¶¶ 12–13.

## II.   DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted."   *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).   This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'"   *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).   To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), when considering a motion to dismiss pursuant to Rule 12(b)(6).   Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79.   *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   Plaintiff is proceeding *pro se*, and his complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90

F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

I must accept the facts as alleged in Plaintiffs' complaint as true.  *See Aziz v. Alcolac*, 658 F.3d

388, 390 (4th Cir. 2011).

### A.  15 U.S.C. § 1681s-2(b) Claim

Magruder has alleged that Educational Credit Union violated 15 U.S.C. § 1681s-

2(b)(1)(A)–(E) by failing to reasonably investigate Magruder's disputes and failing to note his

continuing dispute with respect to Magruder's closed account with Teacher's Credit Union.  *See*

Am. Compl. ¶¶ 16 & 17.  15 U.S.C. § 1681s-2(b)(1)(A)–(E) provides

> (b) Duties of furnishers of information upon notice of dispute
>
> > (1) In general
> >
> > After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
> >
> > > (A) conduct an investigation with respect to the disputed information;
> > >
> > > (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> > >
> > > (C) report the results of the investigation to the consumer reporting agency;
> > >
> > > (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> > >
> > > (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
> > >
> > > > (i) modify that item of information;

> (ii) delete that item of information; or
>
> (iii) permanently block the reporting of that item of information.

Magruder must plead three elements to bring his claim:

> [T]o bring a claim under § 1681s–2(b), a plaintiff must establish three elements: (1) that he or she notified the consumer reporting agency of the disputed information, (2) that the consumer reporting agency notified the defendant furnisher of the dispute, and (3) that the furnisher then failed to investigate and modify the inaccurate information.

*Ausar-El v. Barclay Bank Delaware*, No. PJM 12-0082, 2012 WL 3137151, at *3 (D. Md. July 31, 2012).   *See also Johnson v. MBNA Am. Bank, NA*, 357 F.3d 426, 431 (4th Cir. 2004) ("hold[ing] that § 1681s–2(b)(1) requires creditors, after receiving notice of a consumer dispute from a credit reporting agency, to conduct a reasonable investigation of their records to determine whether the disputed information can be verified.").   Educational Credit Union does not dispute that Magruder has pleaded elements (1) and (2).   Instead, it argues that Magruder has admitted that it "verified the account as being reported accurately.   *See* Def.'s Mem. 3–7.

Educational Credit Union misrepresents Magruder's allegations where it states that "Plaintiff alleges that [its] investigation results verified the information."   This characterization of Magruder's statements does not reflect the full allegation:

> 9.   Upon information and belief, [Educational Credit Union] received notice of Plaintiff's disputes with Equifax and Experian.   Both Equifax and Experian issued investigation results that indicated [Educational Credit Union] verified the account as being reported accurately.

Am. Compl. ¶ 9.   The full quote makes it clear that Magruder is discussing Equifax's and Experian's characterization of the investigation results and not admitting that Educational Credit Unit "verified the account as being reported accurately."

The differences between what Equifax and Experian were reporting, as pleaded by Magruder, are sufficient to establish for the purposes of surviving this motion to dismiss that Educational Credit Union failed to conduct a reasonable investigation.  Educational Credit Union's "investigation was unreasonable for it was reporting the account as an installment account with Equifax and a checking account with Experian."  Am. Compl. ¶ 10.  This inconsistency between the type of account reported "supports an inference of carelessness on [Defendant's] part" sufficient for "a cognizable section 1681s-2(b) claim."  *See Alston*, 2013 WL 990416, at *4 (finding that alleged inconsistencies between information provided by the furnisher to different credit bureaus sufficient to survive a motion to dismiss).  Accordingly, Educational Credit Union's motion to dismiss Magruder's claims under § 1681s-2(b) will be denied.[3]

### B.  MCPA and MCDCA Claims

15 U.S.C. § 1681t(b)(1)(F) provides "no requirement or prohibition may be imposed under the laws of any State (1) with respect to any subject matter regulated under . . . Section 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ."  Under the approach adopted by this Court, state statutory claims arising from reporting inaccurate information to credit reporting agencies are "squarely

---

[3]     Magruder has also alleged that Educational Credit Union has "violated [the] FCRA at §1681s-2(b)(1)(A)-(D) by failing to note Plaintiff's continuing dispute."  Am. Compl. ¶ 17.  There is no explicit obligation in the text of 15 U.S.C. § 1681s-2(b)(1)(A)–(E) for a furnisher to note a continuing dispute.  However, courts in this circuit have recognized such an obligation in instances such as this where the plaintiff has successfully pleaded claims under 15 U.S.C. § 1681s-2(b)(1)(A)–(B).  *See Broccuto v. Experian Information Solutions, Inc.*, No. HEH-07-782, 2008 WL 1969222, at *5 (E.D. Va. May 6, 2008); *see also Saunders v. Branch Banking and Trust Co. of Va.*, 526 F.3d 142, 150 (4th Cir. 2008) (finding that a furnisher's "decision to report the debt without *any* mention of a dispute was 'misleading in such a way and to such an extent that it can be expected to have an adverse effect" and that such conduct may be sufficient to support a claim under § 1681s-2(b) (citation omitted)).  Accordingly, I will not dismiss Magruder's claim with respect to this allegation.

preempted by the plain language of the FCRA." *White v. Green Tree Servicing, LLC*, 118 F. Supp. 3d 867, 872 (D. Md. 2015) (quoting *Ross v. FDIC*, 625 F.3d 808, 813 (4th Cir. 2010)). Because claims under the MCPA and MCDCA "run 'into the teeth of the FCRA preemption provision,'" *id.* (quoting *Ross*, 625 F.3d at 813), I will dismiss Magruder's claims under these state statutes.

### C.  Defamation Claim

In Magruder's amended complaint, he asserts that Educational Credit Union published false information regarding the status of his account that amounts to defamation.  *See* Am. Compl. ¶¶ 33–42.  Certainly,

> no consumer may bring any action or proceeding in the nature of defamation . . . with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e); *see Beuster v. Equifax Info. Servs.*, 435 F. Supp. 2d 471, 479 (D. Md. 2006) (discussing interplay between common law defamation claim and § 1681h(e)). "[E]stablishing willfulness requires showing that a defendant 'knowingly and intentionally committed an act in conscious disregard for the rights of others.'" *Beuster*, 435 F. Supp. 2d at 479 (quoting *Wiggins v. Equifax Servs., Inc.*, 848 F. Supp. 213, 219 (D.D.C. 1993)).  As for malice, "Plaintiff must allege that a defendant published material while entertaining serious doubts as to the truth of the publication or with a high degree of awareness of probable falsity [or actual knowledge of falsity]."  *Id.* at 480 (citing *Foretich v. Capital Cities/ABC, Inc.*, 37 F.3d 1541, 1551 n.8 (4th Cir. 1994)).  Pursuant to Rule 9(b), "malice, intent, knowledge, and other condition of mind of a person may be averred generally." Fed. R. Civ. P. 9(b); *see Beuster*, 435

F. Supp. 2d at 480 (citing Rule 9(b); *Hatfill v. N.Y. Times Co.,* 416 F.3d 320, 329 (4th Cir. 2005) (holding that heightened pleading standards do not apply to defamation actions).

Magruder claims that Educational Credit Union's "investigation was unreasonable for it was reporting the account as an installment account with Equifax and a checking account with Experian." Am. Compl. ¶ 10.  By incorporating this allegation into his defamation claim, *id.* ¶ 33, Magruder claims that Educational Credit Union acted knowingly and intentionally when it labeled the account as an installment account to Equifax and a checking account to Experian. This reporting is inaccurate on its face, establishing the falsity of Educational Credit Union's report.  Therefore, Magruder sufficiently alleged either malice or willfulness to survive the motion to dismiss. *See Beuster*, 435 F. Supp. 2d at 479–80; Fed. R. Civ. P. 9(b); *see also Letren v. Wells Fargo Bank, N.A.,* No. PWG-15-614, 2010 WL 560801, at *5 (D. Md. Feb. 12, 2016).

## III.    CONCLUSION

For the reasons stated above, I will GRANT IN PART and DENY IN PART Defendant's motion to dismiss.[4]

### ORDER

Accordingly, it is this 7th day of July, 2016, hereby ORDERED that Defendant's motion to dismiss, ECF No. 6, is GRANTED IN PART and DENIED IN PART as follows: (1) Defendant's motion to dismiss with respect to Plaintiff's Fair Credit Reporting Act and defamation claims IS DENIED and (2) Defendant's motion to dismiss with respect to Plaintiff's

---

[4]     Magruder has also stated that "[b]eing that the Defendant could not find a case to support its 1681s-2(b)(1) argument, the Defendant should be sanction [sic] for moving on such a frivolous basis."  It is inappropriate for Magruder to request sanctions in his opposition to Defendant's motion to dismiss.  However, even if I were to consider his request for sanctions, I would deny it.  Magruder fails to provide any legal basis for the sanctions he requests. Moreover, even though I have denied Defendant's motion to dismiss with respect to Magruder's 15 U.S.C. § 1681s-2(b), I find that there was a nonfrivolous basis for Educational Credit Union asserting that Magruder had failed to plead facts sufficient to support his claim.

Maryland Consumer Protection Act and Maryland Consumer Debt Collection Act claims IS GRANTED.  Defendant is ordered to file an answer as to Plaintiff's remaining claims by July 29, 2016, at which time I will enter a Scheduling Order and a Discovery Order and schedule a Fed. R. Civ. P. 16 conference call with the parties to discuss further pretrial proceedings.

     So ordered.


_____/S/_____
Paul W. Grimm
United States District Judge

dpb