# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEPHON W. MAGRUDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 8:15-cv-03888-PWG |
| ) | |
| EDUCATIONAL SYSTEMS FEDERAL ) | |
| CREDIT UNION, ) | |
| ) | |
| Defendant. ) | |

## EDUCATIONAL SYSTEMS FEDERAL CREDIT UNION'S
## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Educational Systems Federal Credit Union ("ESFCU"), by and through undersigned counsel, hereby files its answer and affirmative defenses to Plaintiff Stephon W. Magruder ("Plaintiff")'s First Amended Complaint, and responds as follows:

## PRELIMINARY STATEMENT

1. ESFCU states that the averments in Paragraph No. 1 state a legal conclusion, and therefore no response is required. Nevertheless, ESFCU denies the averments in Paragraph No. 1.

## PARTIES

2. ESFCU admits that Plaintiff is a natural person. ESFCU is without knowledge sufficient to form a belief as to the truth of the remaining averments in Paragraph No. 2 and, therefore, denies the remaining averments in Paragraph No. 2.

1

3. ESFCU admits that it is a federal credit union and that it merged with Montgomery County Teachers Federal Credit Union ("MCTFCU") in 2012. The remainder of the averments in Paragraph No. 3 are denied.

**FACTS**

4. ESFCU admits the averments in Paragraph No. 4.

5. ESFCU admits that Plaintiff's checking account was closed, but specifically denies the averment in Paragraph No. 5 that Plaintiff's checking account was closed without an outstanding negative balance.

6. ESFCU is without knowledge sufficient to form a belief as to the truth of the averments in Paragraph No. 6 and, therefore, denies the averments in Paragraph No. 6.

7. ESFCU admits that Plaintiff made a dispute with Equifax as to his account with MCTFCU, but is without knowledge sufficient to admit or deny the truth of the averment as to the manner in which Plaintiff notified Equifax of his dispute and, therefore, denies that averment. ESFCU denies the remaining averments in Paragraph No. 7 and specifically denies that Plaintiff disputed the type of account.

8. ESFCU admits that Plaintiff made a dispute with Experian as to his account with MCTFCU. ESFCU is without knowledge sufficient to admit or deny the truth of the averment about what Experian was reporting in Paragraph No. 8, and, therefore, denies the averment. ESFCU specifically denies the averment in the second sentence of Paragraph No. 8.

9. ESFCU admits the averments in the first sentence of Paragraph No. 9. ESFCU is without knowledge sufficient to admit or deny the truth of the averments in the second sentence of Paragraph No. 9, and, therefore denies the averment.

10. ESFCU denies the averments in Paragraph No. 10 and specifically denies that Plaintiff did not owe $23.00 on his account.

11. ESFCU denies the averments in Paragraph No. 11.

12. ESFCU denies the averments in Paragraph No. 12.

13. ESFCU admits that it received notice of Plaintiff's dispute with Equifax and Experian. ESFCU denies the remainder of the averments in Paragraph No. 13.

14. ESFCU is without knowledge sufficient to admit or deny the truth of the averments in the first and second sentences of Paragraph No. 14, and, therefore denies the averments. ESFCU denies the averments in the third sentence of Paragraph No. 14.

## COUNT ONE: VIOLATIONS OF FCRA

15. ESFCU incorporates by reference its answer in Paragraph Nos. 1 through 14 as though set forth fully herein.

16. ESFCU admits that it concluded a reasonable investigation of Plaintiff's dispute. ESFCU denies the remainder of the averments in Paragraph No. 16.

17. ESFCU denies the averments in Paragraph No. 17.

18. ESFCU denies that it violated the FCRA as averred in Paragraph No. 18. ESFCU is without knowledge sufficient to admit or deny the truth of the remaining averments in Paragraph No. 18, and, therefore denies those averments.

19. ESFCU is without knowledge sufficient to admit or deny the averments in the Paragraph No. 19, and, therefore denies Paragraph No. 19.

20. ESFCU states that the averments in Paragraph No. 20 state a legal conclusion, and therefore no response is required. Nevertheless, ESFCU denies the averments in Paragraph No. 20.

## COUNT TWO: VIOLATIONS OF MCDCA

21. ESFCU incorporates by reference its answer in Paragraph Nos. 1 through 20 as though set forth fully herein.

22-28. No response is required to averments in Paragraph Nos. 22-28 as Count Two was dismissed by this Court in its July 7, 2016 Memorandum Opinion and Order [D.I. 18]. To the extent a response is required, ESFCU denies the averments in Paragraph Nos. 22 through 28.

## COUNT THREE: VIOLATIONS OF MCPA

29. ESFCU incorporates by reference its answer in Paragraph Nos. 1 through 28 as though set forth fully herein.

29-32. No response is required to averments in Paragraph Nos. 29-32 as Count Three was dismissed by this Court in its July 7, 2016 Memorandum Opinion and Order [D.I. 18]. To the extent a response is required, ESFCU denies the averments in Paragraph Nos. 29 through 32.

## COUNT FOUR: DEFAMATION

33. ESFCU incorporates by reference its answer in Paragraph Nos. 1 through 32 as though set forth fully herein.

34. ESFCU admits that it owns and or has access to most of MCTFCU's records as averred in Paragraph No. 34. ESFCU specifically admits the averment that MCTFCU's records "clearly establish that Plaintiff did have an outstanding debt with MCTFCU."

35. ESFCU admits that MCTFCU records indicated Plaintiff had a debt. ESFCU denies the remainder of the averments in Paragraph No. 35.

36. ESFCU denies the averments in Paragraph No. 36.

37. ESFCU denies the averments in Paragraph No. 37.

38. ESFCU denies the averments in Paragraph No. 38 that it published false and defamatory publications to the CRAs. ESFCU is without knowledge sufficient to admit or deny the truth of the averment in Paragraph No. 38 as to what the CRAs understood, and, therefore the averment is denied.

39. ESFCU denies the averments in Paragraph No. 39.

40. ESFCU denies the averments in Paragraph No. 40.

41. ESFCU denies that it published false or defamatory statements as averred in Paragraph No. 41. ESFCU is without knowledge sufficient to admit or deny the truth of the remaining averments in Paragraph No. 41, and, therefore, denies those averments.

42. ESFCU denies that it published false or defamatory statements as averred in Paragraph No. 42. ESFCU is without knowledge sufficient to admit or deny the truth of the remaining averments in Paragraph No. 42, and, therefore, denies those averments.

43. ESFCU denies the allegations set forth in the "WHEREFORE" paragraph immediately following Paragraph No. 42. It also denies that Plaintiff is entitled to any of the relief he seeks in the "WHEREFORE" paragraph.

## AFFIRMATIVE AND OTHER DEFENSES

ESFCU hereby sets forth the following affirmative and other defenses to the First Amended Complaint, without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff.

1. The First Amended Complaint fails to state a claim upon which relief can be granted.

2. ESFCU did not willfully violate the FCRA or any other legal requirement.

3. ESFCU did not negligently violate the FCRA or any other legal requirement.

4. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

5. Plaintiff failed to mitigate his damages.

6. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

7. ESFCU denies that Plaintiff has suffered any damages or injuries whatsoever, and further denies that it is liable to Plaintiff for any damages or injuries claimed.

8. ESFCU denies that its investigation of Plaintiff's dispute with Experian and Equifax was unreasonable.

9. ESFCU denies that it reported Plaintiff's charged-off account with either Experian or Equifax.

10. Notwithstanding ESFCU's defense set forth in Paragraph No. 9, Plaintiff's claims are barred because all statements made by ESFCU are true and thus cannot be the basis for a defamation action.

11. Notwithstanding ESFCU's defense set forth in Paragraph No. 9, Plaintiff's claims are barred because all statements made by ESFCU were made with good motive and were fair comments.

12. ESFCU denies that any actions were done with malice or willfulness.

WHEREFORE, Defendant Educational Systems Federal Credit Union respectfully requests that this Court enter judgment in its favor and against Plaintiff, together with a dismissal with prejudice of Counts One and Four, and such other and further relief as the Court deems proper.

Dated: July 29, 2016

EDUCATIONAL SYSTEMS FEDERAL CREDIT UNION

By Counsel,

   /s/ Julia K. Whitelock
O'Kelly E. McWilliams, III, Esquire (#12602)
Julia K. Whitelock, Esquire (#19380)
GORDON REES SCULLY MANSUKHANI LLP
1300 I Street, NW, Suite 825
Washington, DC 20005
T: 202.399.1009
F: 202.800.2999
E: omcwilliams@gordonrees.com
E: jwhitelock@gordonrees.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of July, 2016, a copy of the foregoing Educational Systems Federal Credit Union's Answer to First Amended Complaint was served by U.S. Mail, postage prepaid, on:

Stephon Magruder
15307 Jennings Lane
Bowie, Maryland 20720

                                                /s/ Julia K. Whitelock
                                                Julia K. Whitelock